917 F.2d 25
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
S. Sharif Abdul RAHMAN, Plaintiff-Appellant,
v.
Ronald WARNSLEY, Perry Johnson, Dale Foltz, Charles
Anderson, Jeff Jones, MCO Union, Raymond E. Tidd,
Defendants-Appellees.
 No. 90-1322.
 United States Court of Appeals, Sixth Circuit.
 Oct. 23, 1990.
 
 Before MERRITT, Chief Judge, and BOYCE F. MARTIN, Jr. and ALAN E. NORRIS, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and brief, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 S. Sharif Abdul Rahman, a Michigan inmate, filed a civil rights action under 42 U.S.C. Sec. 1983 in which he basically challenged the constitutionality of a Michigan prison regulation concerning prisoner identification. The case was referred to a magistrate who recommended that judgment be entered for the defendants. The district court adopted a portion of the recommendation over Abdul Rahman's objections and entered summary judgment for all the defendants. Abdul Rahman has submitted a brief on appeal without benefit of counsel.
 
 
 3
 We review a summary judgment to ascertain that there is no genuine issue of material fact and that the prevailing party is entitled to judgment as a matter of law. Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988). We find that the district court properly granted summary judgment for the defendants.
 
 
 4
 Abdul Rahman objected to a Michigan prison regulation that required the inclusion of a prisoner's old (or committed) name on his cell door identification as well as his new (in this case Muslim) name. We have discovered in the cases no such constitutional right to have his old name deleted from his cell door and plaintiff has pointed to no such authority.
 
 
 5
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.